IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

WASHINGTON REGIONAL MEDICAL CENTER                               PLAINTIFF

v.                              No. 5:17-CV-05245

MICHAEL R. RABER, M.D.                                          DEFENDANT

### ORDER AND OPINION

Before the Court are Plaintiff Washington Regional Medical Center's motion for partial summary judgment (Doc. 14) regarding the promissory note executed on December 7, 2016, Plaintiff's statement of facts (Doc. 16) and memorandum brief (Doc. 15) in support of its motion, Defendant Michael R. Raber's response (Doc. 17), statement of facts (Doc. 18), and memorandum brief (Doc. 19) in support of his response, and Plaintiff's reply (Doc. 20). Plaintiff's motion addresses the claims for relief on the promissory note and does not address the other claims for relief raised in the complaint. Pursuant to Rule 56(e)(3) of the Federal Rules of Civil Procedure, the Court will grant the motion (Doc. 14) for partial summary judgment.

Plaintiff filed this lawsuit as a result of Defendant's alleged breach of an Employment Agreement. (Doc. 1). On December 7, 2016, Defendant agreed to be employed by the Plaintiff as a neurosurgeon and he accepted a sign-on bonus of $48,000 to be paid on or before December 31, 2016. (Doc. 1-1). The Employment Agreement provided that Defendant would commence work on or before July 1, 2017 for an initial term of three years. On the same date, Defendant executed a Promissory Note and Security Agreement as security for the sign-on bonus. (Doc. 1-3). On December 7, 2016, Plaintiff paid and Defendant accepted the $48,000 sign-on bonus. On March 15, 2017, Defendant notified Plaintiff that he was withdrawing his commitment under the Employment Agreement and acknowledged his obligation to repay the sign-on bonus. (Doc. 1-3).

1

Defendant admits that the Employment Agreement provided that if he withdrew his commitment, he would owe the Plaintiff on the Promissory Note the sum of $48,000 for sign-on bonus, with interest at the prime rate as published in the *Wall Street Journal* plus 1% from December 7, 2016. (Doc. 18). Defendant disputes that the entire $48,000, plus interest, is currently due, contending that he tendered a $5,000.00 cashier's check to Plaintiff on or about November 20, 2017 and gave his attorney an additional $5,000 to tender to Plaintiff. (Doc. 18). Defendant argues that $10,000 should be deducted from the amount due on the promissory note. (Doc. 17).

When a party moves for summary judgment, it must establish both the absence of a genuine dispute of material fact and that it is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986); *Nat'l Bank of Commerce of El Dorado, Ark. v. Dow Chem. Co.*, 165 F.3d 602 (8th Cir. 1999). In opposing a motion for summary judgment, Defendants may not rest on allegations or denials in his pleadings but must "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). In order for there to be a genuine issue of material fact, the nonmoving party must produce evidence "such that a reasonable jury could return a verdict for the nonmoving party." *Allison v. Flexway Trucking, Inc.*, 28 F.3d 64, 66–67 (8th Cir. 1994) (quoting *Anderson*, 477 U.S. at 248 (1986)). As this is a diversity case, the Court applies state substantive law. *Murray v. Greenwich Ins. Co.*, 533 F.3d 644, 648 (8th Cir. 2008) (citing *Erie R.R. v. Tompkins*, 304 U.S. 64, 78 (1938)). A contract is formed when there is an offer, an acceptance of the offer, and consideration by both parties. *See Foster v. Boch Indus., Inc.*, No. CIV. 08-5093, 2009 WL 485407, at *4 (W.D. Ark. Feb. 26, 2009).

Having viewed the facts in a light most favorable to Defendant, the Court finds there is no

genuine dispute of material fact that the Defendant breached the contract or as to the amount due on the promissory note. A contract was formed here upon execution of the Employment Agreement and the Promissory Note. Defendant signed a promissory note in the amount of $48,000 as security for the bonus in the event he did not comply with the terms of the contract. Defendant breached the contract upon his notification that he was withdrawing from his commitment to commence employment on July 1, 2017, and the promissory note immediately became due and payable in full.

Defendant argues that because he tendered Plaintiff $5,000 that was not accepted, and tendered an additional $5,000 to his attorney to be paid to Plaintiff, that the motion for summary judgment for the full $48,000 should be denied. (Doc. 19). The tender of these checks did not comply with the terms of the contract for repayment of the promissory note in the event Defendant breached the contract. The contract states that the payment shall be paid in full in cash. Plaintiff failed to comply with the terms of the contract by tendering only partial payments. Therefore, there is no genuine issue of material fact that Defendant owes Plaintiff the sum of $48,000 on the promissory note, plus 3.5% interest (prime rate published in the *Wall Street Journal*) from December 7, 2016, plus 1%, and a reasonable attorney's fee.

IT IS THEREFORE ORDERED that the motion for partial summary judgment (Doc. 14) is GRANTED. Defendant is ordered to pay Plaintiff the sum of $48,000 with interest at the rate of 4.5% from December 7, 2016, and a reasonable attorney's fee to be determined by the Court. Plaintiff's Complaint asserts other claims for relief for breach of the Employment Agreement which are still pending before the Court. Therefore, the Court will not enter a separate judgment for the amount due on the Promissory Note, but will incorporate the findings of fact and conclusions of law in this summary judgment into the final judgment entered by the Court.

Attorney's fees on the promissory note shall be addressed at the resolution of this action.

    IT IS SO ORDERED this 13th day of April, 2018.

                                                          /s/ P. K. Holmes, III  
                                                          P.K. HOLMES, III  
                                                          CHIEF U.S. DISTRICT JUDGE